Argued and submitted January 9, reversed and remanded April 8, 1987

In the Matter of the Compensation of
Ernest W. Botefur, Claimant.

BOTEFUR,
*Petitioner,*

*v.*

CITY OF CRESWELL et al,
*Respondents.*

(WCB 85-00470; CA A38414)

735 P2d 20

James L. Edmunson, Eugene, argued the cause for petitioner. With him on the brief was Malagon & Moore, Eugene.

Darrell E. Bewley, Assistant Attorney General, Salem,

argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Keith Kekauoha, Certified Law Clerk, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

**WARREN, J.**

Claimant was injured at work in December, 1981, when he was struck in the chest by a backhoe. His workers' compensation claim was accepted, and he received an award of 60 percent permanent partial disability. He filed an aggravation claim in April, 1984, which SAIF denied on September 17, 1984. A hearing was held in November, 1984, and on December 7, 1984, the referee ordered the claim accepted but held that claimant is not entitled to interim compensation, because there had been no medical verification, "prior to denial," of inability to work.

On December 14, one week after the referee's order, Dr. Wichser, claimant's treating pysician, wrote to SAIF "urgently" requesting that claimant be allowed to participate in a pain clinic and that he receive temporary total disability from April 26, 1984. Wichser concluded his letter by stating that pain treatment "is the only way this man will ever return to gainful employment." Wichser reported on February 14, 1985, that claimant had been unable "to return to his regular form of employment or any other form of employment * * * since April 1984." SAIF began paying temporary total disability benefits immediately thereafter, for the period beginning February 5, 1985. Claimant seeks review of an order of the Workers' Compensation Board which held that he was not entitled to temporary total disability for any time before February 5, 1985.

The Board concluded that claimant was barred by *res judicata* and collateral estoppel from claiming any benefits for time loss for the period before the first referee's order in December, 1984. It reasoned that the question of claimant's entitlement to temporary total disability could have been, but was not, presented at the November, 1984, hearing.

The Board misunderstood the issues before the first referee. Claimant had sought a hearing on SAIF's denial of the claim. The only issues before the referee were the compensability of the claim and claimant's entitlement to interim compensation for the period before the denial of September 17, 1984. The referee found that there had been an aggravation but held that no interim compensation was due because there had been no medical verification, *before the denial,* of an inability to work. The referee set aside the denial and ordered

the claim accepted and processed to closure.

■    The referee was not presented with and did not decide any question related to claimant's substantive right to temporary total disability. Claimant's entitlement to interim compensation depended only on the procedural question of whether, before the denial, there had been medical verification of inability to work. *Silsby v. SAIF,* 39 Or App 555, 592 P2d 1074 (1979). At the time of the 1984 hearing, SAIF still denied the claim, and there was no reason for claimant to present evidence on the question of his right to temporary total disability for the period after the denial, which would not be owed unless the claim were determined to be compensable. Evidence of medical verification obtained after the denial would have been irrelevant to the question of interim compensation and premature as to the question of temporary total disability. The referee's finding that there had been no medical verification, before the denial, of an inability to work did not preclude claimant from later providing verification of an inability to work and proof of temporary total disability.

■    The Board affirmed the referee's alternative holding that claimant had not shown that he was entitled on the merits to additional temporary total disability. It resolved the issue solely by concluding that claimant had not provided "medical verification of inability to work," as required by ORS 656.273(6). We find that Wichser's December 14, 1984, report, stating that the only way claimant would return to work is with pain therapy, was medical verification of his inability to work and triggered SAIF's duty to pay temporary total disability. Claimant is entitled to a penalty on the amount due from December 14, 1984, and attorney fees pursuant to ORS 656.262, because SAIF's failure to pay benefits was not based on a legitimate doubt as to the compensability of the time loss. *Norgard v. Rawlinsons,* 30 Or App 999, 569 P2d 49 (1977).

■    Whether claimant is entitled to temporary total disability for any time before December 14, 1984, depends on whether a preponderance of the evidence shows that he was disabled during that period due to the compensable claim. ORS 656.210. A doctor's verification of an inability to work is certainly evidence of disability, but it is not necessarily the only relevant evidence. *See Garbutt v. SAIF,* 297 Or 148, 681

P2d 1149 (1984). The entire record is relevant to whether claimant was entitled to additional temporary total disability.

We reverse and remand to the referee for an award of temporary total disability from December 14, 1984, to February 5, 1985; for a determination of penalty and attorney fees; and for a determination of whether claimant is entitled to temporary total disability for any time between the filing of the claim and December 14, 1984.