Argued and submitted June 6, reversed and remanded November 2, reconsideration denied December 23, 1988, petition for review denied January 18, 1989 (307 Or 326)

In the Matter of the Compensation of
Carol J. Knapp, Claimant.

KNAPP,
*Petitioner,*

*v.*

WEYERHAEUSER COMPANY,
*Respondent.*

(WCB 86-02762; CA A45202)

763 P2d 746

Michael R. Stebbins, North Bend, argued the cause for petitioner. With him on the brief was Hayner, Stebbins & Coffey, North Bend.

Jon Littlefield, Coos Bay, argued the cause for respondent. On the brief were Daniel M. Spencer and Foss, Whitty, Littlefield & McDaniel, Coos Bay.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

In this workers' compensation case, claimant seeks review of the Board's order affirming the referee's determination that employer's letter to claimant dated November 22, 1985, was a permissible "back-up denial" of compensation, *see Bauman v. SAIF,* 295 Or 788, 670 P2d 1027 (1983), and that claimant did not have good cause for failing to request a hearing within 60 days of that denial.

From January to September, 1983, while working for employer, claimant experienced back pain and saw Dr. Bert for treatment and medication. In September, she was laid off from her job for reasons unrelated to her back. She continued to receive treatment and, in August, 1984, underwent back surgery. On October 4, 1984, employer denied a claim for an occupational disease. Claimant sought a hearing, at which she testified that, because of her back problem, she had not worked for wages after September, 1983. In an order dated June 20, 1985, the referee determined that the claim, including the back surgery of August 23, 1984, was compensable. He reversed employer's denial but did not remand the case to employer for payment of compensation. The Board affirmed. Employer did not pay benefits for temporary total disability, apparently reasoning, in reliance on *Cutwright v. Weyerhaeuser Co.,* 299 Or 290, 702 P2d 403 (1985), that, because claimant had been laid off since September, 1983, she was not entitled to any benefits for time loss.

Claimant sought another hearing. The evidence showed that, after she was laid off, she looked for work and drew unemployment compensation from September, 1983, until July, 1984, and that her doctor had authorized time loss from June 22, 1984. On October 11, 1985, another referee ordered employer to pay temporary total disability benefits, offset by any unemployment compensation that claimant had received, from June 22, 1984, "until termination * * * is appropriate." The Board affirmed that order on June 17, 1986.

In the meantime, on November 22, 1985, employer wrote to claimant, advising her that it had just learned that she had reported to the Employment Division that she had earnings of $785 for the period from April 29, 1984, through July 22, 1984. The letter went on to state that claimant's treating physician apparently had had no knowledge of the

work resulting in those earnings and that the clinical evidence showed that claimant experienced a worsening of her back condition during the same period. Because claimant's treating physician had testified that claimant's worsened back condition was the result, in part, of off-the-job activity, employer reasoned that work claimant may have performed from April 29, 1984, to July 22, 1984, contributed to the condition for which surgery was performed in August, 1984. Accordingly, employer denied responsibility for the condition it had been ordered by the first referee to accept in 1984.

Claimant received the denial on November 23, 1985. Her attorney received a copy on November 25, 1985. He read it on December 2, 1985, and understood it to be a denial, but did not file a request for hearing until February 24, 1986. The Board, affirming the second referee, dismissed the request for hearing as untimely, because claimant had not established good cause.

■ Claimant contends that her request for hearing should not be subject to or limited by the time restrictions applicable to hearing requests on denials, because there is no legal basis for employer's denial and, therefore, it should be treated as a nullity. She asserts, in essence, that employer, having once denied the claim and having been ordered to accept it, could not again deny it, even if, as employer contends, claimant testified untruthfully at the hearing. We agree that there was no circumstance that permitted a denial. There must be some finality to the process of claims adjudication. It would not be furthered by a policy permitting readjudication each time that a party discovers a nondisclosure or misrepresentation by the other party. For that reason, issue preclusion applies to workers' compensation cases, including this case. *North Clackamas School Dist. v. White,* 305 Or 48, 750 P2d 485, *on reconsideration,* 305 Or 468, 752 P2d 1210 (1988).

Contrary to employer's contention, *Bauman v. SAIF, supra,* is inapplicable. It permits an employer to deny a claim that it has accepted if the *acceptance* was made under circumstances of fraud or misrepresentations. It does not permit a collateral challenge to a final order of the Board on the same grounds. Employer had once denied this claim and had had the opportunity to litigate the denial on its merits. It may not do so again.

■ Employer's denial, having no basis in law, did not require a response within the period of limitation of ORS 656.319(1)(a). Claimant's request for hearing is, therefore, not subject to dismissal on the ground that it was not filed within 60 days of the denial and should be treated as a challenge to employer's refusal to pay benefits pursuant to the prior orders.

Reversed and remanded.