Argued and submitted December 11, 1989, reversed and remanded March 7, 1990

In the Matter of the Compensation of
Carol J. Knapp, Claimant.

## WEYERHAEUSER COMPANY,
*Petitioner,*

*v.*

## KNAPP,
*Respondent.*

(WCB 86-02762; CA A60802)

788 P2d 462

Daniel M. Spencer, Coos Bay, argued the cause for petitioner. With him on the brief was Foss, Whitty, Littlefield & McDaniel, Coos Bay.

Michael R. Stebbins, North Bend, argued the cause for respondent. With him on the brief was Stebbins & Coffey, North Bend.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

GRABER, P. J.

**GRABER, P. J.**

This workers' compensation case is before us for the third time.[1] We take the facts from our opinion in *Knapp v. Weyerhaeuser Co.,* 93 Or App 670, 672-73, 763 P2d 746 (1988), *rev den* 307 Or 326 (1989):

"From January to September, 1983, while working for employer, claimant experienced back pain and saw Dr. Bert for treatment and medication. In September, she was laid off from her job for reasons unrelated to her back. She continued to receive treatment and, in August, 1984, underwent back surgery. On October 4, 1984, employer denied a claim for an occupational disease. Claimant sought a hearing, at which she testified that, because of her back problem, she had not worked for wages after September, 1983. In an order dated June 20, 1985, the referee determined that the claim, including the back surgery of August 23, 1984, was compensable. He reversed employer's denial but did not remand the case to employer for payment of compensation. The Board affirmed. Employer did not pay benefits for temporary total disability, apparently reasoning, in reliance on *Cutwright v. Weyerhaeuser Co.,* 299 Or 290, 702 P2d 403 (1985), that, because claimant had been laid off since September, 1983, she was not entitled to any benefits for time loss.

"Claimant sought another hearing. The evidence showed that, after she was laid off, she looked for work and drew unemployment compensation from September, 1983, until July, 1984, and that her doctor had authorized time loss from June 22, 1984. On October 11, 1985, another referee ordered employer to pay temporary total disability benefits, offset by any unemployment compensation that claimant had received, from June 22, 1984, 'until termination * * * is appropriate.' The Board affirmed that order on June 17, 1986.

"In the meantime, on November 22, 1985, employer wrote to claimant, advising her that it had just learned that she had reported to the Employment Division that she had earnings of $785 for the period from April 29, 1984, through July 22, 1984. The letter went on to state that claimant's treating physician apparently had had no knowledge of the work resulting in those earnings and that the clinical evidence showed that

---

[1] In the first review, we affirmed the Board's order of June 17, 1986, without opinion. *Weyerhaeuser Company v. Knapp,* 85 Or App 220, 736 P2d 230 (1987). That order required employer to pay temporary total disability benefits from the date when claimant's treating physician authorized time loss.

claimant experienced a worsening of her back condition during the same period. Because claimant's treating physician had testified that claimant's worsened back condition was the result, in part, of off-the-job activity, employer reasoned that work claimant may have performed from April 29, 1984, to July 22, 1984, contributed to the condition for which surgery was performed in August, 1984. Accordingly, employer denied responsibility for the condition it had been ordered by the first referee to accept in 1984.

"Claimant received the denial on November 23, 1985. Her attorney received a copy on November 25, 1985. He read it on December 2, 1985, and understood it to be a denial, but did not file a request for hearing until February 24, 1986. The Board, affirming the second referee, dismissed the request for hearing as untimely, because claimant had not established good cause."

We reversed and remanded on the ground that employer could not mount a "collateral challenge to a final order of the Board." 93 Or App at 673.

On remand, the Board assessed a penalty, because it found employer's denial to have been unreasonable. The order provides:

"For its unreasonable conduct, the employer shall also pay claimant a penalty equal to 25 percent of the temporary disability compensation due under this order."

Employer seeks review. Its sole argument is that the Board lacked authority to impose a penalty on amounts that will become due after the date of the order until claim closure. We agree and reverse and remand for a recalculation of the penalty.

ORS 656.262(10) provides:

"If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of *the amounts then due* plus any attorney fees which may be assessed under ORS 656.382." (Emphasis supplied.)

The "amounts then due" for employer's unreasonable denial were the amounts of compensation due when the denial was

set aside. *See Wacker Siltronic Corporation v. Satcher,* 91 Or App 654, 658, 756 P2d 679 (1988).

Claimant argues, first, that ORS 656.262(10) authorizes the penalty to be based on all amounts due, that is, on "temporary total disability benefits until claim closure." That reading fails to give effect to the word "then." Second, claimant asserts that employer's interpretation does not result in a penalty that is large enough to compensate for "the wrong done." Whether or not claimant is correct, the Board is limited to exercising the authority that the legislature has granted it. Moreover, if employer has complied with the Board's most recent order, it will not have unreasonably delayed or denied the payments that became due after the date of the order.

Reversed and remanded.