Argued and submitted December 23, 1992, reversed and remanded for assessment of penalty March 3, 1993

In the Matter of the Compensation of
Kim S. Jeffries, Claimant.

## CONAGRA, INC.,
*Petitioner,*

*v.*

## Kim S. JEFFRIES,
*Respondent.*

(90-05652; CA A74913)

847 P2d 878

Karen O'Kasey, Portland, argued the cause for petitioner. With her on the brief was Schwabe, Williamson & Wyatt, Portland.

Max Rae, Salem, argued the cause and filed the brief for respondent.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

ROSSMAN, P. J.

---

* Leeson, J., *vice* Buttler, J., retired.

## ROSSMAN, P. J.

Employer seeks review of an order of the Workers' Compensation Board assessing a penalty for its unreasonable denial of a claim of 25% of compensation due at the time of the hearing. We reverse the Board; we write to clarify that, in this case, the penalty is to be assessed on all compensation due at the time the denial was withdrawn.

Claimant injured his back in December, 1989. As a result of the injury, he had surgery to repair a herniated disc in January, 1990. Employer denied the claim in April, 1990. Subsequent to the hearing, but before the referee had issued an order, the parties settled the claim and employer agreed to process it. The parties stipulated that they would submit to the referee the question of whether claimant was entitled to a penalty under ORS 656.262(10) for employer's unreasonable denial of the claim. The referee found that employer had acted unreasonably and ordered that it pay a 25 percent[1] penalty based on unpaid medical services due as of the date of the denial. The Board affirmed the referee, but in the "opinion" portion of the order it stated that the penalty should be assessed on compensation due as of the date of the hearing.

ORS 656.262(10) provides:

"If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees which may be assessed under ORS 656.382."

Employer concedes that its denial of the claim was unreasonable and that "amounts then due" under ORS 656.262(10) are amounts due when the denial is set aside. *See Weyerhaeuser Co. v. Knapp*, 100 Or App 615, 788 P2d 462 (1990). It contends, however, that at the time of the stipulation withdrawing the denial of the claim, there were no amounts due. Employer argues that, because no medical benefits are due before the claim is denied, ORS 656.262(6),

---

[1] The referee's opinion concludes that claimant is entitled to a 24 percent penalty; the order assesses a penalty of 25 percent. The Board affirmed the order and the order controls.

and because a denial terminates any obligation to make further payments on the claim, ORS 656.262(2), its obligation to pay benefits did not begin until *after* the stipulation withdrawing the denial.

Employer's argument begs the question. Although, as a procedural matter, an employer is not required to pay medical benefits before or after it denies a claim, if it is subsequently determined that the claim was improperly denied, any benefits that become due as a result of the setting aside of the denial are considered to be due as of the date the denial is set aside. At the time of the stipulation, claimant had undergone surgery for his compensable claim. Employer does not contend that that medical service was not compensable; accordingly, payment for the surgery was an amount due at the time of the stipulation setting aside the denial, and the Board properly assessed a penalty. The Board erred, however, in holding that the penalty was to be assessed on amounts due as of the date of the hearing, in view of the fact that the denial was not set aside at the hearing, but by stipulation subsequent to the hearing.

Reversed and remanded for assessment of a penalty on benefits due on date of withdrawal of denial.