Argued and submitted January 16, order reversed and remanded for
reconsideration; otherwise affirmed October 3, 2001

In the Matter of the Compensation of
Metin Basmaci, Claimant.

Metin BASMACI,
*Petitioner,*

*v.*

THE STANLEY WORKS,
*Respondent.*

98-10143; A109614

33 P3d 377

Edward J. Hill argued the cause for petitioner. With him
on the brief was Willner Wren Hill & U'ren.

Jerald Keene argued the cause and filed the brief for
respondent.

Before Haselton, Presiding Judge, and Deits, Chief Judge,
and Wollheim, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

Claimant seeks judicial review of an order of the Workers' Compensation Board, raising multiple assignments of error. We affirm without discussion all assignments of error except for the assignment of error concerning interim compensation, attorney fees,[1] and penalties.

The facts will be abbreviated because we write on only one assignment of error. Beginning in 1995, claimant sought medical treatment for his feet. In January 1998, the processing agent for employer accepted a nondisabling claim for bilateral plantar fasciitis. Claimant was prescribed custom orthotics. After using the orthotics, claimant developed low-back pain. In June 1998, one of claimant's attending physicians completed a "First Medical Report" form, in which he diagnosed a low-back strain and released claimant for modified work. Employer did not deny the low-back claim until May 1999. From the time that the claim was received by employer until the denial, employer did not pay claimant any interim compensation.

At hearing, claimant sought interim compensation from June 29, 1998, to the date of hearing and a penalty for the employer's unexplained failure to pay interim compensation. The administrative law judge (ALJ) set aside the low-back denial and ordered employer to pay the appropriate amount of interim compensation and a penalty on all compensation due from June 29, 1998, to May 25, 1999, the date of employer's denial of the claimant's low-back strain.

■ Employer requested Board review. The Board reinstated employer's denial of the low-back strain. The Board also reversed the ALJ's award of interim compensation and penalties. The Board did not discuss whether claimant was entitled to interim compensation:

"Inasmuch as we have upheld the employer's denial of claimant's low back condition, we also reverse the ALJ's award of temporary disability related to that condition. Similarly, we reverse the ALJ's awards of penalties and

---

[1] If claimant is entitled to any interim compensation, then his attorney would be entitled to an out-of-compensation attorney fee. ORS 656.386(2).

attorney fees because there are no amounts 'then due' and no unreasonable resistance to compensation upon which to base such awards."

Interim compensation is not the same as temporary disability benefits. *Botefur v. City of Creswell*, 84 Or App 627, 630, 735 P2d 20 (1987). In fact, a claimant may be entitled to interim compensation even though there is no entitlement to temporary disability. *Jones v. Emanuel Hospital*, 280 Or 147, 151-52, 570 P2d 70 (1977). Employer candidly conceded that much in its brief:

"Claimant's description of these events postures the claim as a conventional bid for interim compensation that accrued during the 'interim' between the submission of a low back claim and the date upon which it was denied. If that is all there were to the matter, the Court would be compelled to reverse."

Additionally, employer noted in a footnote:

"Employer does not concede error, but acknowledges it has not been able to determine how the Board concluded reinstatement of the denial mooted claimant's procedural entitlement to that portion of the claimed temporary disability benefits ('interim compensation') that might have accrued *before* the employer issued its December 28, 1998 back-up denial." (Emphasis in original.)

Nonetheless, employer argues that its concession does not require an award of interim compensation because, in part, claimant never submitted a valid low-back strain claim under ORS 656.262(7)(a).

■    The Board never considered claimant's request for interim compensation or penalties for the failure to pay interim compensation. Nor did the Board consider employer's argument that claimant was not entitled to any interim compensation or penalties. The Board needs to consider those arguments.

Order reversed and remanded for reconsideration of interim compensation, penalties, and attorney fees; otherwise affirmed.