Argued and submitted March 12, affirmed Aril 24, 2003

In the Matter of the Compensation of
Metin Basmaci, Claimant.

Metin BASMACI,
*Petitioner,*

*v.*

THE STANLEY WORKS,
*Respondent.*

98-10143; A118494

67 P3d 433

Edward J. Hill argued the cause for petitioner. With him on the briefs was Hill & Wren, LLP.

Jerald P. Keene argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Armstrong and Wollheim, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

Claimant seeks review of an order of the Workers' Compensation Board on remand from our opinion in *Basmaci v. The Stanley Works*, 177 Or App 102, 33 P3d 377 (2001), contending that the board erred in holding that he has not perfected a new medical condition claim. We affirm.

Claimant experienced back pain while being treated with orthotics for a compensable foot problem. On a Form 827, entitled "First Medical Report for Workers' Compensation Claim," claimant's physician diagnosed back strain. After a considerable time, employer denied the claim for the low back. The board upheld the denial because the medical evidence did not support the compensability of the claim.

In our first opinion, we upheld employer's denial without discussion but remanded the case to the board for it to consider whether claimant was nonetheless entitled to interim compensation, penalties, and attorney fees. On remand, the board determined that the Form 827 did not fulfill the requirements for a new medical condition claim and therefore did not trigger employer's obligation to pay interim compensation. We are now asked to consider the sufficiency of the claim.

At the relevant time, ORS 656.262(7)(a) (1997) provided, in part:

> "New medical condition claims must *clearly request formal written acceptance of the condition* and are not made by the receipt of a medical claim billing for the provision of, or requesting permission to provide, medical treatment for the new condition. The worker must *clearly request formal written acceptance of any new medical condition* from the insurer or self-insured employer."

(Emphasis added.) Claimant asserts that the Form 827 satisfies the requirements of the statute. The form describes the injury and the diagnoses. It states, "By my signature I am giving NOTICE OF CLAIM and authorizing medical providers and other custodians of claim records to release relevant medical records." Claimant further contends that, although the Form 827 does not explicitly request formal written

acceptance, the request is implicit because, under the statutes, the filing of a claim triggers an employer's obligation to respond in writing.

Although the Form 827 would likely suffice as a claim in some contexts, it does not satisfy the requirements of ORS 656.262(7)(a) (1997) with regard to a new medical condition claim. The statute twice mentions that the new medical condition claim must "clearly request formal written acceptance" of the condition. We read that requirement to mean what it says, that is, to require a request for formal written acceptance. The Form 827 completed by claimant's physician contained no such request. We agree with the board that the claim was not perfected.

■   Claimant alternatively asserts that, in our first opinion, which upheld the denial but remanded the case to the board for consideration of interim compensation, we implicitly determined that the claim satisfied the statutory requirements. We reject the contention. As noted, the board's first order had upheld employer's denial based on a lack of medical causation; it expressly made no determination as to the sufficiency of the claim. Our first opinion made reference to the issue, but did not address it. *Basmaci*, 177 Or App at 105. Our upholding of the denial cannot, by any stretch, be viewed as an adjudication on the technical sufficiency of the claim.

Affirmed.