Argued and submitted September 18, affirmed December 20, 2006

In the Matter of the Compensation of
Charles L. Kachel Sr., Claimant.

Charles L. KACHEL Sr.,
*Petitioner,*

*v.*

WEYERHAEUSER COMPANY,
*Respondent.*

02-08262, 02-06416; A127115

150 P3d 16

Donald M. Hooton argued the cause and filed the briefs for petitioner.

John M. Pitcher argued the cause and filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

HASELTON, P. J.

## HASELTON, P. J.

Claimant seeks judicial review of an order of the Workers' Compensation Board that affirmed insurer's denial of claimant's claim on the ground that claimant had not timely appealed from the denial and had not shown good cause for extending the time for filing a request for a hearing. ORS 656.319(1).[1] On judicial review, claimant asserts that (1) the board erred in upholding the denial without first determining whether a new or omitted medical condition "claim" had even been filed and (2) substantial evidence and substantial reason do not support the board's conclusion that claimant did not show good cause for extending the time for filing a request for a hearing. For the reasons set forth below, we affirm.

The following facts, which are derived from the board's order, are supported by substantial evidence in the record. Claimant was compensably injured in 1981, when he received a shock to his left arm, and again in 1988, when he suffered an injury to his back. Both claims were accepted and ultimately closed in 1981 and 1991, respectively. In March 2002, claimant's treating physician sent chart notes and "Form 827" to insurer, requesting an MRI because claimant was experiencing a worsening of symptoms relating to his current cervical condition.

Insurer treated the physician's submissions as a claim for medical services and issued two denials, denying the condition's relationship to either the 1981 claim or the 1988 claim. Those denials, dated June 26, 2002, were mailed together in an envelope to claimant's attorney, and a copy of both denials also was sent in a separate envelope to claimant. Although claimant was aware of both denials, claimant's

---

[1] ORS 656.319(1) provides:

"With respect to objection by a claimant to denial of a claim for compensation under ORS 656.262, a hearing thereon shall not be granted and the claim shall not be enforceable unless:

"(a) A request for hearing is filed not later than the 60th day after the mailing of the denial to the claimant; or

"(b) The request is filed not later than the 180th day after mailing of the denial and the claimant establishes at a hearing that there was good cause for failure to file the request by the 60th day after mailing of the denial."

attorney was only aware of the denial concerning the 1981 claim, apparently due to clerical error. Claimant's attorney timely requested a hearing regarding the 1981 claim. However, claimant's attorney did not become aware of the denial concerning the 1988 claim until September 16, 2002, and requested a hearing on the 1988 claim on October 30, 2002.

Both matters were heard together. The administrative law judge upheld insurer's denial concerning claimant's current condition as related to the 1981 claim, and concluded that claimant's request for hearing of the denial relating to the 1988 claim was time-barred under ORS 656.319(1). Claimant appealed to the board, which affirmed in part and reversed in part, agreeing, as pertinent here, that claimant's challenge to the denial relating to the 1988 claim was time-barred.[2]

On judicial review, claimant makes two arguments. First, claimant asserts the board erred in concluding that the challenge was time-barred, because insurer's denial was not a valid denial; thus, under *Knapp v. Weyerhaeuser Co.*, 93 Or App 670, 673 P2d 746 (1988), *rev den*, 307 Or 326 (1989), the challenge was not subject to the time limitations prescribed in ORS 656.319(1). Second, claimant argues that, even if ORS 656.319(1) applies, the board's conclusion that claimant did not have "good cause" for filing within the 60-day limit is not supported by substantial evidence or substantial reason. We reject both contentions.

We first consider claimant's argument that ORS 656.319(1) does not apply under these circumstances. Claimant asserts that ORS 656.319(1) applies only when there has been a "claim," and that here there was no predicate claim. In particular, claimant argues that insurer erroneously treated his physician's "Form 827" and chart notes as a "claim." Claimant further argues that under ORS 656.267(1), a "claim" for a new or omitted medical condition is not made until a claimant "clearly request[s] formal written acceptance of a new medical condition or an omitted medical condition."

_____

[2] The board's conclusion pertaining to the 1981 claim is not at issue on judicial review.

Claimant argues that "Form 827" did not constitute a sufficiently "clear request" that insurer accept a "claim," relying on *Basmaci v. The Stanley Works*, 187 Or App 337, 340, 67 P3d 433 (2003).

We disagree that the submission of the Form 827 did not constitute a "claim" for purposes of ORS 656.319(1) under these circumstances. Form 827 has two parts. The top half, filled out by claimant in March 2002, described the "date of injury" as "11/10/1988." That part of the form specifically provided, "By my signature I am giving NOTICE OF CLAIM," and further contained the instruction, "This is your receipt, when signed by you, that you gave notice of a claim. Do not sign if you do not intend to make a claim." Claimant signed the top half of the form. The bottom half was completed by claimant's doctor in March 2002, describing claimant's symptoms and diagnosis, requesting preauthorization of an MRI, and checking a box for "temporary disability authorization." The bottom of the form contained an instruction that it "must be mailed to the insurer within 72 hours after the worker's first visit."

In *Basmaci*, we upheld the board's conclusion that "Form 827 did not fulfill the requirements for a new medical condition claim [under ORS 656.262(7)(a) (1997)] and therefore did not trigger employer's obligation to pay interim compensation." 187 Or App at 339. In particular, we relied on the fact that the provisions of ORS 656.262(7) (1997) pertaining to new or omitted condition claims specified that the "claim must 'clearly request formal written acceptance' of the condition." *Id.* at 340. Because the form at issue in that case contained no request for formal written acceptance of a condition, we concluded that it did not constitute a new or omitted condition claim. *Id.* We noted, however, that "the Form 827 *would likely suffice as a claim* in some contexts." *Id.* (emphasis added).

Thus, *Basmaci* supports a conclusion that the Form 827 submitted by claimant's physician in the present case would not, in itself, suffice as a claim *for a new or omitted medical condition.*[3] It does not follow, however, that Form

---

[3] Although current provisions pertaining to new or omitted medical conditions are located at ORS 656.267(1), they likewise contain requirements that there be a clear request for "formal written acceptance."

827, and insurer's response to it, are a nullity for purposes of ORS 656.319(1). *See* OAR 436-060-0140(3) (insurer must give the claimant written notice of acceptance or denial of a claim within certain time frames after insurer's receipt of a signed Form 827); OAR 436-060-0010(2) ("[t]he signed Form 827 shall start the claim process"). Thus, although it might not be apparent at the time a Form 827 is filed what type of "claim" is being asserted, the insurer is expected to treat the receipt of such a form as a "claim." We would not expect an insurer in a situation such as the present one to treat the receipt of a Form 827 as an unsuccessful or ineffective attempt to file a claim for a "new or omitted medical condition"—rather than, for example, perhaps either a claim for aggravation, ORS 656.273, or a claim for medical services in which the employer disputes compensability, ORS 656.245; ORS 656.704(3)(b)(A). That is, a rational insurer would not, and could not in these circumstances, treat the Form 827 as a "nonclaim," thereby risking exposure to penalties for unreasonable denial. *See, e.g.*, ORS 656.262(11)(a); *Tri-Met, Inc. v. Wolfe*, 192 Or App 556, 86 P3d 111 (2004).

The situation here differs considerably from the circumstances in *Knapp*, on which claimant relies. In *Knapp*, the claimant received treatment for back pain in September 1983, while working for the employer, and ultimately underwent surgery in August 1984. The employer denied the claimant's claim, but the board ultimately reversed the denial in June 1985. 93 Or App at 672. The employer did not seek judicial review of that order, but, instead, wrote to the claimant shortly thereafter asserting that, based on newly acquired information, it was denying responsibility for the condition. *Id.* at 673. The claimant did not request a hearing within 60 days of receipt of the letter, and the board concluded that claimant's request for a hearing was time-barred under ORS 656.319(1). We reversed:

> "[Claimant] asserts, in essence, that employer, having once denied the claim and having been ordered to accept it, could not again deny it, even if, as employer contends, claimant testified untruthfully at the hearing. We agree that there was no circumstance that permitted a denial. There must be some finality to the process of claims adjudication. It

would not be furthered by a policy permitting readjudication each time that a party discovers a nondisclosure or misrepresentation by the other party. For that reason, issue preclusion applies to workers' compensation cases, including this case.

"Contrary to employer's contention, *Barnum v. SAIF*, [295 Or 788, 670 P2d 1027 (1983),] is inapplicable. It permits an employer to deny a claim that it has accepted if the *acceptance* was made under circumstances of fraud or misrepresentations. It does not permit a collateral challenge to a final order of the Board on the same grounds. Employer had once denied this claim and had had the opportunity to litigate the denial on its merits. It may not do so again.

"Employer's denial, having no basis in law, did not require a response within the period of limitation of ORS 656.319(1)(a). Claimant's request for hearing is, therefore, not subject to dismissal on the ground that it was not filed within 60 days of the denial and should be treated as a challenge to employer's refusal to pay benefits pursuant to the prior orders."

*Id.* at 673-74 (emphasis in original; some citations omitted). In essence, we determined that issue preclusion rendered the employer's attempted "denial" under those circumstances void and that the claimant was entitled to a hearing, not based on the employer's void "denial," but based on the employer's "refusal to pay benefits pursuant to the prior orders." *Id.* at 674.

We have not extended the rationale of *Knapp* in the manner that claimant suggests in the present case. That is, we have not treated denials as "void" and not subject to ORS 656.319(1)(a) simply because it is unclear from the document that the employer is expected to treat as a "claim" exactly what sort of "claim" the case will ultimately involve. This case, unlike *Knapp*, involves insurer's timely denial in response to the submission of a Form 827, which claimant had signed declaring that he was giving notice of a "claim," and which insurer is required by administrative rule to treat as starting the claim process. Thus, under ORS 656.319(1), claimant was required to file his request for a hearing within 60 days of the mailing of the denial or show good cause for his failure to file within that time period. Claimant did neither.

We reject without further discussion claimant's arguments concerning whether substantial evidence and substantial reason support the board's conclusion that claimant did not show good cause for his failure to timely file his request for a hearing.

Affirmed.